UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER SCOTT CRAWFORD,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. C25-1654JLR<br><br>ORDER |

Before the court is *pro se* Petitioner Christopher Scott Crawford's (1) motion for an extension of the deadline to file a reply in support of his 28 U.S.C. § 2255 motion (Mot. for Extension (Dkt. # 9)), and (2) motion for abeyance seeking a stay for "at least 180 days" (Mot. for Abeyance (Dkt. # 10)). The court has reviewed Mr. Crawford's motions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Crawford's motion for extension and DENIES his motion for abeyance without prejudice.

ORDER - 1

1    On September 25, 2023, Mr. Crawford was sentenced to three years imprisonment
2  followed by an additional three years of supervised release.  *See* Judgment, *United States*
3  *v. Crawford*, No. CR22-0087JLR (W.D. Wash. Sept. 25, 2023), Dkt. # 144.  On August
4  27, 2025, Mr. Crawford petitioned to vacate, set aside, or correct his sentence under 28
5  U.S.C. § 2255, alleging as the sole ground for relief that his trial counsel rendered
6  ineffective assistance.  (*See* Pet. (Dkt. # 1) at 4-5.)  On October 27, 2025, Respondent the
7  United States of America (the "Government") filed its response to Mr. Crawford's § 2255
8  motion.  (Pet. Resp. (Dkt. # 8).)  Mr. Crawford was afforded the opportunity to reply no
9  later than the 21st day after the Government's response was filed, making his deadline
10  November 17, 2025.  (9/11/25 Order (Dkt. # 4) at 2.)  Before that deadline expired, Mr.
11  Crawford moved for a 30-day extension of time to file his reply.  (Mot. for Extension at
12  1.)  Mr. Crawford asserts that he received the Government's response to his § 2255
13  motion on October 30, 2025, and, as a layperson, is not able to sufficiently understand the
14  legal arguments made and prepare a proper reply in the allotted time.  (*Id*.)  The
15  Government did not oppose Mr. Crawford's motion for an extension.  (*See generally*
16  Dkt.)

17    On November 17, 2025, Mr. Crawford filed a motion for abeyance seeking a stay
18  of the case for "at least 180 days."  (Mot. for Abeyance at 2.)  Mr. Crawford states his
19  case manager informed him that she'd requested his transfer to a low-security facility,
20  and he seeks this lengthy stay of his § 2255 case to "allow him to have his property
21  packed out, arrive at his new facility, notify the courts of his new address and receive his
22

ORDER - 2

1 | property." (*Id.*)  The Government did not respond to Mr. Crawford's motion for

2 | abeyance.  (*See generally* Dkt.)

3 |     Federal Rule of Civil Procedure 6(b)(1) states:

> When an act may or must be done within a specified time, the court may for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A), (B).  "This rule, like all of the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citation omitted); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

    The court finds good cause to grant Mr. Crawford's request for a 30-day extension of the deadline to file his reply.  The court currently does not find a stay of the case to be necessary because Mr. Crawford was merely informed by his case manager that she had requested his transfer to a low-security facility, and it is not clear when or whether that transfer will actually occur. (Mot. for Abeyance at 1.)  If or when Mr. Crawford is transferred to another facility or the transfer timeline is confirmed, he may seek a stay of the case with the court at that time.

//

//

//

1      Accordingly, the court GRANTS Mr. Crawford's motion for extension (Dkt. # 9), DENIES his motion for abeyance (Dkt. # 10) without prejudice, and ORDERS the following:

1. Mr. Crawford shall file his reply to the Government's response to his § 2255 motion no later than **January 7, 2026**; and

2. The Clerk is DIRECTED to renote Mr. Crawford's § 2255 motion for January 7, 2026.

Dated this 8th day of December, 2025.

JAMES L. ROBART
United States District Judge