UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER SCOTT CRAWFORD,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C25-1654JLR

ORDER

## I.   INTRODUCTION

Before the court is *pro se* Petitioner Christopher Scott Crawford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Mot. (Dkt. # 1); Reply (Dkt. # 21).)  Respondent the United States of America ("the Government") opposes Mr. Crawford's motion.  (Resp. (Dkt. # 8); Supp. Resp. (Dkt. ## 17, 19 (sealed exhibits)).)  The court has considered the motion, all submissions filed in support of and

//

ORDER - 1

in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Crawford's § 2255 motion.

## II.    BACKGROUND[1]

In June 2022, Mr. Crawford was arrested for his repeated harassment of his ex-wife, Kira Bowes, after the deterioration of their marriage.[2]  (*See* 12/26/23 Tr. (CR Dkt. # 156) at 314-15.)  Two weeks later, Mr. Crawford was indicted and charged with cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), and making threats by interstate communications in violation of 18 U.S.C. § 875(c).  (Indictment (CR Dkt. # 13).)  Mr. Crawford pleaded not guilty and was ordered detained.  (Detention Order (CR Dkt. # 12); 9/7/22 Min. Entry (CR Dkt. # 29).)  At trial in June 2023, the jury found Mr. Crawford guilty on both counts.  (6/7/23 Min. Entry (CR Dkt. # 103); Jury Verdict (CR Dkts. ## 114-15).)  In September 2023, the court sentenced Mr. Crawford to a 72-month prison term, followed by three years of supervised release.  (9/25/23 Min. Entry (CR Dkt. # 143); Judgment (CR Dkt. # 144); *see* Sentencing Tr. (CR Dkt. # 151).)  In April 2025, the Ninth Circuit affirmed Mr. Crawford's convictions and sentence.[3] (Ninth Cir. Memo. (CR Dkt. # 158).)

---

[1] Because the parties are well aware of the facts involved in this matter, the court recites the background facts only as relevant to Mr. Crawford's § 2255 motion.

[2] The court uses "Dkt." to refer to docket entries in this case and "CR Dkt." to refer to docket entries in Mr. Crawford's criminal case, *United States v. Crawford*, No. CR22-0087JLR (W.D. Wash.).

[3] Mr. Crawford raised the following grounds in his appeal:  (1) his conviction violated the First Amendment because the jury instructions failed to define a true threat; (2) the cyberstalking statute was unconstitutionally overbroad and vague on its face; (3) the district court erroneously admitted irrelevant and unfairly prejudicial evidence at trial; (4) prosecutorial misconduct; and

On August 27, 2025, Mr. Crawford moved to vacate, set aside, or correct his sentence, alleging that his counsel were ineffective. (*See generally* Mot.) He argues that defense counsel were ineffective because:

> [m]y attorney did not present the defense I wanted (diminished capacity). He hired a personal friend of his to listen to me talk for 45 minutes instead of conducting a proper forensic psychological evaluation; then denied that I had CPTSD, which 6 psychologists – two court appointed and 3 employed by the Federal [Government] Bureau of Prison[s] – have diagnosed me with, before and since. My attorney refused to let me fire him at least 6 times, even after I spoke with his supervisor at the public defender's office. My attorney failed to preserve evidence that, without which, proved detrimental to my case. My attorney failed to attack perjurous witness testimony when we had evidence that it was perjury. My attorney sabotaged and prevented my attempts to testify on my own behalf. My attorney misunderstood basic points of the case multiple times. My attorney lied to me many times before and during the trial. My attorn[eys] argued with each other and became angry [about] each others' failure to raise objections during witness testimony.

(Mot. at 5 (capitalization altered).) On September 22, 2025, Mr. Crawford filed a motion to appoint counsel. (Mot. to Appoint (Dkt. # 5).) The court denied the motion to appoint counsel without prejudice on October 9, 2025. (10/9/25 Order (Dkt. # 7).) The Government opposed Mr. Crawford's § 2255 motion on October 27, 2025, and filed a supplement on February 25, 2026. (*See generally* Resp.; Supp. Resp.) Mr. Crawford filed his reply on March 19, 2026. (*See generally* Reply.) Mr. Crawford's § 2255 motion is now ripe for decision.

//

//

---

(5) the sentencing condition prohibiting the possession of a firearm violated the Second Amendment. (Mot. at 3; *see also* Ninth Cir. Memo.)

ORDER - 3

### III.   ANALYSIS

The court begins by addressing the legal standard for motions under 28 U.S.C. § 2255.  It then discusses whether an evidentiary hearing is necessary before turning to its analysis of Mr. Crawford's ineffective assistance of counsel claims.

**A.   Legal Standard for Motions Under 28 U.S.C. § 2255**

A petitioner seeking relief under 28 U.S.C. § 2255 must prove the existence of an error rendering his conviction unlawful.  *See Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997); *see also Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938).  A prisoner in custody for a federal law violation may move to vacate, set aside, or correct the sentence under four circumstances:  where (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  Pursuant to § 2255(f), a petition for habeas relief must be brought within one year of the date on which the judgment of conviction became final.  *See id.* § 2255(f)(1).

Mr. Crawford asserts that he is entitled to relief under § 2255 because he was denied his Sixth Amendment right to effective assistance of counsel.  (*See generally* Mot.)  Because he is currently incarcerated, he meets § 2255's "custody" requirement.  *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).  In addition, Mr. Crawford timely filed the instant motion.  His judgment of conviction became final on July 29, 2025, when the time for him to file a petition for certiorari elapsed, and he filed the instant motion on August 27, 2025.  *See* 28 U.S.C. § 2255(f) (establishing a one-year

statute of limitations); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (stating that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Accordingly, Mr. Crawford's motion is properly before the court.

**B.      Evidentiary Hearing**

As a preliminary matter, the court determines that an evidentiary hearing on the merits of this matter is unnecessary. Under § 2255, the court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). However, "no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks and citation omitted); *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004) (holding that no evidentiary hearing is required unless the petitioner raises "detailed and controverted issues of fact") (citation omitted). In addition, no hearing is required when the issue of the prisoner's credibility can be "'conclusively decided on the basis of documentary testimony and evidence in the record.'" *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)).

Here, the court concludes that the detailed record in this matter is a sufficient basis on which to decide Mr. Crawford's claims and determine that he is entitled to no relief.

ORDER - 5

Accordingly, the court exercises its discretion not to hold an evidentiary hearing. *See Shah*, 878 F.2d at 1158.

**C.      Ineffective Assistance of Counsel**

The court begins with the legal standard governing ineffective assistance of counsel claims before turning to its analysis of Mr. Crawford's claim.

           1.        *Strickland* Standard

Mr. Crawford's ineffective assistance of counsel claims are controlled by *Strickland v. Washington*, 466 U.S. 668 (1984).  To show ineffective assistance under *Strickland*, a petitioner must prove that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Id*. at 688, 694.  To establish that counsel's performance was deficient, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness."  *Id*. at 688; *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (reaffirming that the proper measure of attorney conduct is "reasonableness under prevailing professional norms") (quoting *Strickland*, 466 U.S. at 688).  The court considers whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *see also id*. at 687 (noting that "counsel [must have] made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").  At this step, judicial scrutiny is highly deferential: there is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance.  *Id*. at 689; *Cullen v. Pinholster*, 563 U.S. 170, 191 (2011) (concluding that the reviewing court begins "with the premise that 'under the

ORDER - 6

circumstances, the challenged action[s] might be considered sound trial strategy'"") (quoting *Strickland*, 466 U.S. at 689).

To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also id*. at 693 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.").  Thus, even if counsel made a professionally unreasonable error, it does not warrant setting aside the judgment if the error had no effect on the judgment.  *Id*. at 691; *Pinholster*, 563 U.S. at 189 ("requir[ing] a 'substantial,' not just 'conceivable,' likelihood of a different result" to establish prejudice) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

The *Strickland* two-prong analysis applies to ineffective assistance of counsel challenges concerning sentencing.  *See Daire v. Lattimore*, 812 F.3d 766, 767-68 (9th Cir. 2016) (first citing *Glover v. United States*, 531 U.S. 198, 203-04 (2001); and then citing *Lafler v. Cooper*, 566 U.S. 156 (2012)).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong.  *Strickland*, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id*.  Moreover, allegations that are speculative and conclusory are insufficient to prove that counsel provided

//

ORDER - 7

ineffective assistance. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

2. <u>Mr. Crawford Fails to Show Ineffective Assistance of Counsel</u>

Turning to the merits of Mr. Crawford's claims, the court concludes that he cannot show deficient performance or prejudice under *Strickland*. At the outset, the court cannot conclude that defense counsel's representation fell outside the "wide range of reasonably effective assistance." *See Strickland*, 466 U.S. at 689. Mr. Crawford's allegations relate to his disagreements with his trial attorneys' strategy regarding their alleged failure to present diminished capacity as a defense, denial of his CPTSD diagnosis, failure to preserve certain evidence, failure to make certain objections, failure to pursue certain lines of questioning, and failure to allow him to testify. (*See generally* Mot.)[4] Mr. Crawford argues that pages from his "case notebook" that he included as exhibits support his asserted desire to "argue diminished capacity and counter arguments to my counsel's usual dismissals" as well as provide a "list of questions [he] wanted addressed during [his] testimony." (Reply at 5-9, 12; *see id*. Exs. A, B.) Not only is the court unable to verify the legitimacy and timestamp of the provided exhibits, the documents also demonstrate, at most, that Mr. Crawford had a conversation about these topics with his

---

[4] Mr. Crawford appears to allege additional ineffective assistance claims in his reply. (*See generally* Reply.) The court need not consider those allegations, however, because a petitioner may not to raise new allegations in reply. *See United States v. Tanke*, No. 2:09-cr-0293 WBS KJN P, 2016 WL 6248413, at *8 (E.D. Cal. Oct 26, 2016), <u>report and recommendation adopted,</u> 2016 WL 7159287 (E.D. Cal. Dec. 8, 2016), <u>vacated,</u> 2017 WL 2992530 (E.D. Cal. Jan. 30, 2017), and <u>report and recommendation adopted,</u> 2017 WL 2972258 (E.D. Cal. July 12, 2017).

ORDER - 8

counsel. Furthermore, the divorce case docket that Mr. Crawford also provided as an exhibit reveals that counsel were looking into his concerns. (Reply at 21; *see id.*, Ex. C ("I listened and I'm unclear when you think that the Judge tells [Ms. Bowes] she's in contempt. Please let me know if there are other hearing[s] you would like me to order . . . if there are specific ones that you think would be helpful please let me know.").) The court has reviewed the trial and hearing transcripts in Mr. Crawford's criminal matter and trial counsel's submissions to the court and concludes, based on this review and on the court's own recollections of the proceedings, that counsel's performance during Mr. Crawford's trial did not "f[a]ll below an objective standard of reasonableness," particularly in light of the highly deferential standard that applies here. *Strickland*, 466 U.S. at 688, 689. Thus, Mr. Crawford has failed to demonstrate objective unreasonableness with respect to any of his ineffective assistance theories. *See id.* at 687-94.

Even if Mr. Crawford could demonstrate that his counsel's performance was deficient in some respects, the court concludes that he has not met his burden to show prejudice. Mr. Crawford's allegations regarding the result of the proceeding being different absent counsel's alleged errors is based on speculation, in particular that that the jury would have seen Ms. Bowes as "a lying, manipulating, stalking, harassing woman who for years has been intentionally tormenting and provoking[,] attacking, hurting and traumatizing a man whom she would later claim, through crocodile tears, that she was terrified of and needed protection from." (Reply at 24.) Given the overwhelming evidence at trial, as well as in light of the Government's supplemental response exhibits

showing Mr. Crawford's continued harassment of Ms. Bowes and their minor child while incarcerated, the court is not convinced.  (Supp. Resp., Exs. 1, 2 (sealed).)  Furthermore, "*Strickland* prejudice is not established by mere speculation that witness testimony 'might have given information helpful to' the defense."  *Djerf v. Ryan*, 931 F.3d 870, 881 (9th Cir. 2019).

In sum, there is nothing to suggest to the court that Mr. Crawford's counsel were constitutionally deficient for failing to address the issues listed in his § 2255 motion. Even if his counsel were ineffective in some way, nothing in the record suggests that Mr. Crawford's defense was prejudiced by his counsel's alleged deficiencies.  Therefore, Mr. Crawford's § 2255 motion is DENIED.

**E.    Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of a 28 U.S.C. § 2255 motion only after obtaining a certificate of appealability.  A certificate of appealability may issue only where a petition has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).  Under this standard, the court concludes that Mr. Crawford is not entitled to a certificate of appealability.

//

//

ORDER - 10

### IV.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Crawford's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Dkt. # 1).  The court DISMISSES this matter with prejudice and DECLINES to issue a certificate of appealability.


Dated this _27th_ day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 11